# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

EFRAIN CASADO,

    Petitioner,

v.

J.V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-16

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Efrain Casado ("Casado"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, as supplemented. (Docs. 1, 15.) Respondent filed Responses, (docs. 10, 17, 19), and Casado filed Traverses. (Docs. 18, 20.) Casado also filed a Motion for Appointment of Counsel. (Doc. 21.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Casado's Section 2241 Petition, **CLOSE** this case, and **DENY** Casado *in forma pauperis* status on appeal. Casado's Motion for Appointment of Counsel is **DENIED**.[1]

## **BACKGROUND**

Casado was convicted in the Southern District of Florida, after a jury trial, of possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 10-1, pp. 2, 14; Doc. 10-3.) According to the Presentence Investigation report ("PSI"), Casado was classified as

---

[1] 18 U.S.C. § 3006A(a)(2) provides that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who – . . . (b) is seeking relief under section 2241, 2254, or 2255 of title 28." Accordingly, the Court must appoint counsel for this indigent federal habeas petitioner only if the interest of due process or justice so require. At this time, it does not appear that the interest of due process or justice require that Casado be afforded counsel. Should it become apparent later in these proceedings that the interest of due process or justice so require, then counsel shall be appointed for the Casado.

an armed career criminal under 18 U.S.C. § 924(e) (the Armed Career Criminal Act, or "ACCA"). (Doc. 10, p. 5.) Casado was sentenced to 294 months' imprisonment. (Id.) Casado filed a direct appeal and contended the district court erred in enhancing his base offense level as an armed career criminal and by not requiring the government to prove beyond a reasonable doubt his prior violent felonies/drug offenses upon which the court relied to enhance his sentence. (Doc. 10-4, p. 5.) The Eleventh Circuit Court of Appeals affirmed Casado's conviction and sentence. United States v. Williams, 250 F.3d 748 (11th Cir. 2001); (Doc. 10-4).

In 2002, Casado filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Southern District of Florida. (Doc. 10-5.) He asserted, in relevant part, that two of his prior conviction did not qualify as predicate offenses for the sentence enhancement he received. (Id. at pp. 30–32.) The Florida court denied Casado's motion. (Docs. 10-7, 10-8.)

Casado also filed a previous Section 2241 petition in the Middle District of Florida in 2010, and he once again challenged his armed career criminal enhancement. (Doc. 10-9, pp. 7, 13–15.) The Middle District of Florida court dismissed Casado's petition after he moved to withdraw his pleadings. (Doc. 1, p. 6.)

## DISCUSSION

In his current Petition, Casado contends the trial court erred in enhancing his sentence because it used invalid predicate offenses to designate him as an armed career offender. (Id.) Casado specifically contends his conviction for battery of a correctional officer is not a qualifying predicate offense. Casado alleges the district court erred in relying on one of his convictions because he was sentenced to a thirty-day time served sentence, which cannot constitute a violent felony. (Id. at p. 7.) Casado also alleges he received three additional points to his criminal history calculation for the same offenses which were used to categorize him as a

career criminal. (Id.) In his supplement, Casado contends the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015), entitles him to his requested relief. (Doc. 15.)

Respondent argues Casado is not entitled to use of Section 2255's savings clause. (Doc. 10, p. 5.) Respondent states Casado was properly sentenced under the ACCA, and his claims were not foreclosed by Circuit precedent when he filed his direct appeal or Section 2255 Petition. In addition, Respondent states Johnson does not provide Casado with his requested relief. (Docs. 17, 19.)

**I.     Whether Casado can Proceed Pursuant to Section 2241**

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'" Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provides two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

In Bryant, the Eleventh Circuit addressed whether the savings clause of Section 2255(e) permits a federal prisoner to bring a Section 2241 petition when he establishes his sentence exceeds the statutory maximum penalty. 738 F.3d at 1256. The Eleventh Circuit stated that, in order for a petitioner to show that his prior Section 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the petitioner's claim. Id. at 1274 (involving the violent felony enhancement in 18 U.S.C. § 924(e)); see also Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014) (involving the prior felony drug offense enhancement in 21 U.S.C. § 841(b)(1)(B)). A petitioner must satisfy all five of these requirements to obtain relief under Bryant. Specifically, under Bryant, Casado must establish, among other things, that the rule announced in Johnson applies retroactively to cases on collateral review and that Eleventh Circuit precedent foreclosed his claims on previous occasions.

In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. . . . Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." ___ U.S. at ___, 135 S. Ct. 2551, 2563.[2] The Eleventh Circuit "agree[s] that Johnson announced a new

---

[2] The ACCA "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical

5

substantive rule of constitutional law," but "reject[s] the notion that the Supreme Court has held that the new rule should be applied retroactively on collateral review." In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) (denying leave to file a second or successive motion to vacate, set aside, or correct sentence based on the Johnson decision and expressly rejecting the Seventh Circuit Court of Appeals' decision in Price v. United States, 795 F.3d 731 (7th Cir. 2015), applying Johnson retroactively to cases on collateral review)[3]; see United States v. Braun, No. 13-15013, 2015 WL 5201729 (11th Cir. Sept. 8, 2015) (applying Johnson in the context of a direct appeal); United States v. Hill, No. 14-12294, 2015 WL 5023791 (11th Cir. Aug. 26, 2015) (same); and Haugabrook v. United States, Civ. Case No. 815-cv-1756-T-24TBM, Cr. Case No. 8:08-cr-254-T-24TBM, 2015 WL 4605750 (M.D. Fla. July 30, 2015) (declining to extend Johnson to a Section 2255 motion).

Casado previously brought a direct appeal with the Eleventh Circuit and in his Section 2255 motion in the district of his conviction and was unsuccessful. In fact, Casado raised a similar issue on appeal and the same issue in his Section 2255 motion as he does here—that his conviction for battery on a correctional officer should not be considered a qualifying offense for purposes of the ACCA.[4] The mere fact that such a Section 2255 motion is procedurally barred by Section 2255's statute of limitations or restriction on second or successive motions does not

---

force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56.

[3] The Eleventh Circuit reemphasized its stance that Johnson does not apply retroactively to cases on collateral review because the Supreme Court did not "expressly hold" that that decision, which was decided on direct review, should apply retroactively. In re Franks, ___ F.3d ___, No. 15-15456, 2016 WL 80551, at *2 (11th Cir. Jan. 6, 2016).

[4] Because the Court need not address the relative merits of Casado's claims due to his failure to satisfy the savings clause, the Court will not discuss whether Casado's conviction for battery on a correctional officer is a qualifying conviction. However, the Court notes Respondent's contentions in this regard. (Doc. 19, p. 3.)

make the remedy afforded by Section 2255 inadequate or ineffective. See Jones v. Warden, FCC Coleman Medium, 520 F. App'x 942, 945 (11th Cir. 2013) (noting the mere fact that a Section 2255 motion is procedurally barred does not make that Section's remedy inadequate or ineffective); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating a petitioner "has the burden of demonstrating Section 2255's relief" is 'unavailable or ineffective[ ]', and to do so, there must be more than a procedural barrier to bringing a Section 2255 motion. . . . This court has held a § 2255 motion is not 'inadequate or ineffective' merely because '§ 2255 relief has already been denied[ ]'") (internal citations omitted)). In addition, Casado does not show that he was foreclosed from bringing his claims on previous occasions; rather, he shows only that his claims were unsuccessful.

It appears that Casado is attempting to bring a second or successive Section 2255 motion pursuant to Section 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because Casado relies upon Johnson in his Section 2241 Petition, his claims are not based upon any retroactively applicable Supreme Court decision; thus, he does not fulfill either condition to invoke the savings clause or to proceed under Section 2255(h). Consequently, the Court need not address the relative merits of Casado's Section 2241 Petition. Because Casado has not satisfied the requirements of Section 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

7

Based on these reasons, I **RECOMMEND** the Court **DISMISS** Casado's Section 2241 Petition.

## II.     Leave to Appeal *In Forma Pauperis*

The Court should also deny Casado leave to appeal *in forma pauperis*. Though Casado has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Casado's Petition and Respondent's Response thereto, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Casado's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **CLOSE** this case, and **DENY** Casado leave to proceed *in forma pauperis*. Casado's Motion for Appointment of Counsel, (doc. 21), is **DENIED**.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Casado and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA